United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60362
Conference Calendar

_____

EARNEST CONROD,

Plaintiff-Appellant,

versus

TRICIA A. MOORE, Receiving and Discharge Officer of Yazoo
City FCI, also known as Unknown Moore; STEPHEN LOPEZ, Receiving
and Discharge Officer of Forrest City FCI, also known as Unknown
Lopez; UNITED STATES OF AMERICA,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:01-CV-18-BrS
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Earnest Conrod, federal prisoner # 09239-042, filed suit

under the Federal Tort Claims Act (FTCA) against the United

States and two federal corrections officers based on the

confiscation of his commissary card.  The district court

construed Conrod's claims as also arising under <u>Bivens v. Six</u>

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Conrod argues that the district court improperly applied 28 U.S.C. § 2680 in determining that it lacked subject matter jurisdiction over his FTCA claim because the court failed to consider whether his claim could be brought under an exception to the statute. However, the exceptions on which Conrad relies all apply to forfeiture proceedings not relevant to the instant case. See 28 U.S.C. § 2680(c)(1)-(4).

Conrod also argues that the district court erred in dismissing his Bivens claim for failure to exhaust administrative remedies. He argues, for the first time on appeal, that he has a valid excuse for failing to exhaust the last two steps of the grievance process because after he filed his first two grievances, the warden told him that he could not obtain monetary relief and suggested that he file suit in federal court.

"The clear rule of this circuit limits review of claims raised for the first time on appeal to claims involving purely legal questions where [the court's] failure to consider them would result in a 'miscarriage of justice.'" Vogel v. Veneman, 276 F.3d 729, 734 (5th Cir. 2002). Because Conrod's argument is not purely legal, we will not consider it. The judgment of the district court is AFFIRMED.